# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
BARRON, ANDREA J § Case No. 11-08468 SPS
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7.  The Trustee's proposed distribution is attached as **Exhibit D**.

  8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $ \_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_, for a total compensation of $ \_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_, and now requests reimbursement for expenses of $ \_\_\_\_, for total expenses of $ \_\_\_\_ [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joseph A. Baldi, Trustee_____
              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1

Exhibit A

| Case No: | 11-08468 | Judge: Susan Pierson Sonderby | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|
| Case Name: | BARRON, ANDREA J | | Date Filed (f) or Converted (c): | 03/01/11 (f) |
| | | | 341(a) Meeting Date: | 04/14/11 |
| For Period Ending: | 06/19/13 | | Claims Bar Date: | 09/06/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 921 Wildwood Lane Northbrook, IL 60062 | 1,300,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash on hand (approx.) | 50.00 | 0.00 | | 0.00 | FA |
| 3. CCU Checking | 138.83 | 0.00 | | 0.00 | FA |
| 4. Devon Bank checking bal. -100.00 | 0.00 | 0.00 | | 0.00 | FA |
| 5. misc. household goods and furnishings | 1,000.00 | 10,000.00 | | 10,000.00 | FA |
| Trustee sold piano; after payment of consigor's expenses, estate recovered $8,650.00; pursuant to this Court's order dated 2/13/13, Debtor's ex-spiouse was granted his claim for 50% interest in the sale proceeds | | | | | |
| 6. misc. books, etc. | 500.00 | 0.00 | | 0.00 | FA |
| 7. ordinary and necessary wearing apparel | 2,000.00 | 0.00 | | 0.00 | FA |
| 8. assorted jewelry | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. misc. sport and hobby equipment | 100.00 | 0.00 | | 0.00 | FA |
| 10. life insurance (employer-term) | 0.00 | 0.00 | | 0.00 | FA |
| 11. retirement plan 100% exempt | 500,000.00 | 0.00 | | 0.00 | FA |
| 12. 3 529 accounts (1 per child) (estimated) | 4,500.00 | 0.00 | | 0.00 | FA |
| 13. monthly maintenance per Marital Settlement Agreeme | 6,000.00 | 0.00 | | 0.00 | FA |
| 14. 2011 Volkswagen Jetta | 25,307.93 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $1,840,596.76 | $10,000.00 | | $10,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee iinvestigated value of assets; Debtor's interest in assets was determined pursuant to a divorce decree; Trustee

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 11-08468    Judge: Susan Pierson Sonderby | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | BARRON, ANDREA J | Date Filed (f) or Converted (c): | 03/01/11 (f) |
| | | 341(a) Meeting Date: | 04/14/11 |
| | | Claims Bar Date: | 09/06/11 |

requested that Debtor and her ex-spouse prepare a detailed listing of the personal property; Trustee was granted authority to conduct a Rule 2004 examination of the Debtor's ex-spouse in order to obtain information regarding the Debtor's interest in the marital property subject to the divorce decree; Trustee received court authority to sell a piano for $10,000 less expenses of sale; Debtor objected to the sale on the grounds that it was not Debtor's property but rather, her daughters; Debtor's ex-spouse asserted a claim for $100,000 against the Estate and a 50% interest in the piano; Trustee, Debtor and Debtor's ex-spouse settled the ex-spouse's claim against the piano such that the ex-spouse would receive 50% of the sale proceeds from the piano and withdraw his claim agaisnt the estate; Debtor settled with Trustee such that her objection to the sale was withdrawn and she nor her daughter would not claim any interest in the sale proceeds; Trustee determined that the re were no remaining assets of value to the estate and settled such that all remaining assets were to be divided between the Debtor and her ex-spouse outside of the bankruptcy case

Initial Projected Date of Final Report (TFR): 12/30/13        Current Projected Date of Final Report (TFR): 12/30/13

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-08468 -SPS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | BARRON, ANDREA J | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******7425 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4628 | | |
| For Period Ending: | 06/19/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 06/18/12 | 5 | GRAND PIANO HAUS, LLC<br>3640 W. Dempster Street<br>Skokie, IL 60076 | SALE OF PERSONAL PROPERTY | | 8,650.00 | | 8,650.00 |
| | | GRAND PIANO HAUS | Memo Amount: 10,000.00<br>SALE PROCEEDS | 1129-000 | | | |
| | | GRAND PIANO HAUS | Memo Amount: ( 1,350.00 )<br>Consignor commission and expenses | 2500-000 | | | |
| 02/07/13 | 001001 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Bond Premium Payment<br>BOND # 016026455 | 2300-000 | | 6.98 | 8,643.02 |
| * 03/11/13 | | CONGRESSIONAL BANK<br>6500 Rock Spring Drive, Suite 300<br>Bethesda, MD 20817 | Monthly Bank Service Fee<br>TCMS would not allow me to enter an adjustment date more than 30 days old. Therefore, I entered 3/11/13 as the date of adjustment. The actual date of adjustment which is reflected on the bank statements is 3/08/13. ~JMM 4.10.13 | 2600-003 | 10.00 | | 8,653.02 |
| 03/11/13 | | CONGRESSIONAL BANK<br>6500 Rock Spring Drive, Suite 300<br>Bethesda, MD 20817 | Monthly Bank Service Fee<br>TCMS would not allow me to enter an adjustment date more than 30 days old. Therefore, I entered 3/11/13 as the date of adjustment. The actual date of adjustment which is reflected on the bank statements is 3/08/13. ~JMM 4.10.13 | 2600-000 | | 10.00 | 8,643.02 |
| 04/03/13 | 001002 | William G. Spies<br>36 Insignia Ct.<br>Highland Park, IL 60035 | SETTLEMENT<br>Settlement Agreement | 7100-000 | | 4,325.00 | 4,318.02 |
| * 04/10/13 | | Reverses Adjustment IN on 03/11/13 | Monthly Bank Service Fee<br>Supposed to be a subtraction, not an addition ~JMM 4.10.13 | 2600-003 | -10.00 | | 4,308.02 |

FORM 2

Page: 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 11-08468 -SPS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | BARRON, ANDREA J | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******7425 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4628 | | |
| For Period Ending: | 06/19/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  | Account *******7425 | Balance Forward | 0.00 | | | |
|---|---|---|---|---|---|---|
| | 1 | Deposits | 8,650.00 | 2 | Checks | 4,331.98 |
| | 0 | Interest Postings | 0.00 | 1 | Adjustments Out | 10.00 |
| Memo Allocation Receipts: 10,000.00 | | | | 0 | Transfers Out | 0.00 |
| Memo Allocation Disbursements: 1,350.00 | | Subtotal | $ 8,650.00 | | | |
| | | | | | Total | $ 4,341.98 |
| Memo Allocation Net: 8,650.00 | 2 | Adjustments In | 0.00 | | | |
| | 0 | Transfers In | 0.00 | | | |
| | | Total | $ 8,650.00 | | | |

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: June 19, 2013 |
|---|---|---|---|---|---|---|

Case Number: 11-08468  
Debtor Name: BARRON, ANDREA J

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | Joseph A. Baldi, Trustee | Administrative | | $1,750.00 | $0.00 | $1,750.00 |
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd. | Administrative | | $10,104.10 | $0.00 | $10,104.10 |
| | Subtotal for Priority 001 | | | $11,854.10 | $0.00 | $11,854.10 |
| 000001A<br>050<br>4210-00 | William G. Spies<br>CO Howard Rosenfeld<br>Rosenfeld Hafron Shapiro & Farmer<br>221 North LaSalle, Suite 1763<br>Chicago, Illinois 60601 | Secured | Per court order dated 2/13/13, Spies awarded 50% interest in net sale proceeds from piano, remaining claim withdrawn | $4,325.00 | $4,325.00 | $0.00 |
| 000006<br>050<br>4210-00 | VW Credit, Inc.<br>PO BOX 829009<br>Dallas, TX 75382 | Secured | Claim withdrawn 2/28/13 | $0.00 | $0.00 | $0.00 |
| | Subtotal for Priority 050 | | | $4,325.00 | $4,325.00 | $0.00 |
| 000001<br>070<br>7100-00 | William G. Spies<br>CO Howard Rosenfeld<br>Rosenfeld Hafron Shapiro & Farmer<br>221 North LaSalle, Suite 1763<br>Chicago, Illinois 60601 | Unsecured | Per court order dated 2/13/13, Spies awarded 50% interest in net sale proceeds from piano, remaining claim withdrawn | $0.00 | $0.00 | $0.00 |
| 000002<br>070<br>7100-00 | Commerce Bank<br>P O BOX 419248<br>KCREC-10<br>Kansas City, MO 64141-6248 | Unsecured | | $14,404.62 | $0.00 | $14,404.62 |
| 000003<br>070<br>7100-00 | Sandra K. Burns<br>Law Offices of Sandra K. Burns<br>348 Lathrop Ave<br>River Forest, IL 60305 | Unsecured | (3-1) Modiified on 6/8/2011 to correct creditor's address(ah) | $18,500.00 | $0.00 | $18,500.00 |
| 000004<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $3,526.15 | $0.00 | $3,526.15 |
| 000005<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $3,965.06 | $0.00 | $3,965.06 |
| 000007<br>070<br>7100-00 | PYOD LLC its successors and assigns<br>as assignee of<br>Citibank, NA, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | $1,183.56 | $0.00 | $1,183.56 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: June 19, 2013 |

Case Number: 11-08468  
Debtor Name: BARRON, ANDREA J

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000008 070 7100-00 | PYOD LLC its successors and assigns as assignee of Citibank, NA, NA c/o Resurgent Capital Services PO Box 19008 Greenville, SC 29602- | Unsecured | | $1,557.77 | $0.00 | $1,557.77 |
| 000009 070 7100-00 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $9,674.45 | $0.00 | $9,674.45 |
| 000010 070 7100-00 | FIA Card Services, NA/Bank of America by American InfoSource LP as its agent PO Box 248809 Oklahoma City, OK 73124-8809 | Unsecured | | $983.97 | $0.00 | $983.97 |
| | Subtotal for Priority 070 | | | $53,795.58 | $0.00 | $53,795.58 |
| | Case Totals: | | | $69,974.68 | $4,325.00 | $65,649.68 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-08468 SPS
Case Name: BARRON, ANDREA J
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                                                $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000006 | VW Credit, Inc. | $ | $ | $ | $ |
| 000001A | William G. Spies | $ | $ | $ | $ |

Total to be paid to secured creditors                                          $_____

Remaining Balance                                                              $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses                         $_____

Remaining Balance                                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | William G. Spies | $ | $ | $ |
| 000002 | Commerce Bank | $ | $ | $ |
| 000003 | Sandra K. Burns | $ | $ | $ |
| 000004 | Discover Bank | $ | $ | $ |
| 000005 | Chase Bank USA, N.A. | $ | $ | $ |
| 000007 | PYOD LLC its successors and assigns as assignee of | $ | $ | $ |
| 000008 | PYOD LLC its successors and assigns as assignee of | $ | $ | $ |
| 000009 | FIA Card Services, NA/Bank of America | $ | $ | $ |
| 000010 | FIA Card Services, NA/Bank of America | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

    Tardily filed claims of general (unsecured) creditors totaling $____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ____ percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ____ percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE